1  **OVERLAND BORENSTEIN SCHEPER & KIM LLP**
DIANN H. KIM (State Bar No. 118742)
2  dkim@obsklaw.com
ANNAH S. KIM (State Bar No. 190609)
3  akim@obsklaw.com
601 West Fifth Street, Twelfth Floor
4  Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
5  Facsimile: (213) 613-4656

6  **Attorneys for Plaintiff/Counterdefendant**
**Sizzler USA Franchise, Inc.**

7

8                **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  SIZZLER USA FRANCHISE, INC., a          CASE NO. CV-07-1457-R (PLAx)
    Delaware corporation,
12                                          **DEFENDANT SIZZLER USA**
                                            **FRANCHISE, INC.'S STATEMENT**
13          Plaintiff,                      **OF UNDISPUTED FACTS AND**
                                            **CONCLUSIONS OF LAW IN**
14       v.                                 **SUPPORT OF ITS MOTION FOR**
                                            **PARTIAL SUMMARY JUDGMENT**
15  PAKAM FOOD SERVICES, INC., a
    California corporation; SYED ZAIDI,
16  an individual; and SYED HUSSAIN, an
    individual,
17
            Defendants.
18  _____        **Date:    July 7, 2008**
                                            **Time:    9:00 a.m.**
19  SYED ZAIDI,                             **Ctrm:    8**
                                                      **312 N. Spring St.**
20          Counter-Claimant,              **The Honorable Manuel L. Real**

21       v.

22  SIZZLER USA FRANCHISE, INC., a
    Delaware corporation,
23
            Counter-Defendant.
24  _____

25

26

27

28

Plaintiff and Cross-Defendant Sizzler USA Franchise, Inc. submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment on its Second Claim for Relief for Breach of Guaranty Agreement.

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. On or about May 9, 1980, Sizzler's predecessor-in-interest (Sizzler Family Steak Houses) entered into a written agreement (the "License Agreement") with Jack E. Williams, William R. Hasvold, Orrin L. Pollock, and Ronald Higgins (all non-parties) for the limited right to operate the store located at the intersection of Palomino Drive and Diamond Bar Boulevard, Diamond Bar, California, as a Sizzler® franchise. | 1. Espiritu Decl. ¶ 3 and Ex. A (License Agreement); Answer of Pakam Food Services and Syed Zaidi ("Zaidi/Pakam Ans.") ¶ 13. |
| 2. On or about May 9, 1980, the License Agreement was assigned to Forbco Management Corporation, a California corporation (a non-party). | 2. Espiritu Decl. ¶ 3 and Ex. B; Zaidi/Pakam Ans. ¶ 14. |
| 3. On or about October 21, 1998, the License Agreement was assigned to Silver Ocean, Inc, a California corporation (a non-party). | 3. Espiritu Decl. ¶ 3 and Ex. C; Zaidi/Pakam Ans. ¶ 15. |
| 4. On or about December 13, 2002, the License Agreement was assigned to Pakam Food Services, Inc. ("Pakam"). | 4. Espiritu Decl. ¶ 3 and Ex. D; Zaidi/Pakam Ans. ¶ 16. |

| **UNCONTROVERTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|
| 5. Defendants Syed Zaidi and Syed Hussain executed the 2002 assignment of the License Agreement. | 5. Espiritu Decl. ¶ 3 & Ex. D; Zaidi/Pakam Ans. ¶ 16; Hussain Ans. ¶ 16. |
| 6. On or about November 21, 2002, Zaidi and Hussain executed a written personal guaranty agreement (the "Guaranty"), guaranteeing Pakam's obligations under the License Agreement. | 6. Espiritu Decl. ¶ 4 and Ex. E (Guaranty); Zaidi/Pakam Ans. ¶¶ 17, 34; Hussain Ans. ¶ 17. |
| 7. The Guaranty provides, in pertinent part:  "Guarantor hereby unconditionally, absolutely and personally guarantees and promises to pay to Sizzler any and all amounts and/or indebtedness of [Pakam] due or yet to become due and to perform and be liable for any and all obligations and liabilities of [Pakam] under the [License] Agreement." | 7. Espiritu Decl. ¶ 4 and Ex. E (Guaranty), ¶ 1. |
| 8. The Guaranty also includes a provision allowing the prevailing party to recover any attorney's fees and costs incurred in litigation under the agreement. | 8. Espiritu Decl. ¶ 4 and Ex. E (Guaranty), ¶ 21. |

| | **UNCONTROVERTED FACT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| 9. | Beginning in mid-2004, Pakam violated its obligations under the License Agreement, by failing to pay various amounts due under the Licensing Agreement, including charges for advertising funds, royalties, and other payments. | 9. Espiritu Decl. ¶ 5; Ellis Decl. Ex. L (Zaidi Decl. in Opp'n to Req. for TRO, ¶¶ 5, 8.); Ellis Decl. Ex. M (Order Granting Preliminary Injunction, finding that Defendants had "failed to pay in excess of $377,000" as required by the License Agreement). |
| 10. | On or about November 6, 2006, Sizzler mailed a notice of default to Pakam, Zaidi and Hussain, also pursuant to the notice provisions of ¶ 8(a) of the License Agreement. | 10. Espiritu Decl. ¶ 5 and Ex. F ; Zaidi/Pakam Ans. ¶ 18; Hussain Ans. ¶ 18. |
| 11. | After defendants failed to cure the defaults within the prescribed times, on or about January 18, 2007, Sizzler mailed a Notice of Termination to Pakam, Zaidi and Hussain pursuant to the termination provisions set forth in ¶ 8(a) of the License Agreement. | 11. Espiritu Decl. ¶ 6 and Ex. G; Zaidi/Pakam Ans. ¶ 19; Hussain Ans. ¶ 19. |
| 12. | Despite being notified of the arrearages due to Sizzler under the License Agreement and the Guaranty Agreement, neither Hussain nor Zaidi have cured the non-payments. | 12. Espiritu Decl. ¶ 7; Pakam/Zaidi Ans. ¶ 19. |

| | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 13. | Currently, $276,140.68 is due and owing to Sizzler under the License Agreement and Guaranty Agreement in connection with the Diamond Bar Restaurant. | 13. Espiritu Decl. ¶ 7 and Exs. H & I. |
| 14. | The Court entered its initial Rule 26 Scheduling Order on May 25, 2007. | 14. Ellis Decl. Ex. N. |
| 15. | The Scheduling Order set a discovery cutoff of November 9, 2007, by which all discovery needed to be served and all discovery motions heard. | 15. Ellis Decl. Ex. N. |
| 16. | Neither Mr. Zaidi nor Mr. Hussain served any discovery in advance of the discovery cutoff. | 16. Ellis Decl. ¶ 7. |

## CONCLUSIONS OF LAW

1.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2.      To the extent any uncontroverted fact set forth above may be construed to be a conclusion of law, it is incorporated herein as a conclusion of law.

3.      Summary judgment is proper when undisputed facts establish that the "movant is entitled to judgment as a matter of law." *Harris v. Harris & Hart, Inc.*, 206 F.3d 838, 841 (9th Cir. 2000).  If the absence of any genuine issue of material fact is shown, the burden shifts to the nonmoving party to raise a genuine issue for trial. *Cline v. Indus. Maint. Eng. & Contracting*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

4.      Where, as here, the plaintiff moves for summary judgment as to a claim on which it bears the burden of proof at trial, it must establish all the essential elements of the claim to warrant judgment in its favor. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *United States v. $100,348.00 U.S. Currency*, 157 F. Supp. 2d 1110, 1114 (C.D. Cal. 2001) (same).  A plaintiff moving for summary judgment need not disprove any possible affirmative defense a defendant may raise.  Rather, Sizzler need only "'show[]'--that is, point[] out through argument--the absence of evidence" to support any defenses. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (same).

5.      Admissions made in an answer are binding and conclusive judicial admissions for purposes of further proceedings in a case. *See, e.g., American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").

6.       Rule 56(a) allows a party claiming relief to seek summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a). Thus, courts may enter partial summary judgment as to particular claims or issues where no material facts are in dispute. *Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981).

7.       Sizzler is entitled to summary judgment in its favor and against Defendants Syed Zaidi and Syed Hussain on its Second Claim for Relief for Breach of Guaranty Agreement pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, on the ground that undisputed facts establish each element of Sizzler's claim, and that defendants have not presented evidence to support their alleged affirmative defenses to the claim.

8.       To establish a claim for breach of the Guaranty Agreement, Sizzler must show that (1) Zaidi and Hussain guaranteed payment of Pakam's indebtedness; (2) Pakam defaulted on its obligations to Sizzler; (3) Sizzler notified Zaidi and Hussain of Pakam's defaults; and (4) Zaidi and Hussain did not remit any funds to Sizzler under the Guaranty Agreement. *See Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 819 (1989).

9.       Messrs. Zaidi and Hussain's admissions in their Answers, as well as additional evidence in the record, establish as a matter of undisputed fact that they entered into the Guaranty Agreement.

10.      Mr. Zaidi's admissions in his Answer, prior findings by this Court, and additional evidence in the record, establish as a matter of undisputed fact that Pakam defaulted on its obligations to Sizzler.

11.      Messrs. Zaidi and Hussain's admissions in their Answers, as well as additional evidence in the record, establish as a matter of undisputed fact that Sizzler notified Zaidi and Hussain of Pakam's defaults under the License Agreement.

12.     Messrs. Zaidi and Hussain's admissions in their Answers, as well as additional evidence in the record, establish as a matter of undisputed fact that Zaidi and Hussain did not remit any funds to Sizzler under the Guaranty Agreement.

13.     "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

14.     Neither Mr. Zaidi nor Mr. Hussain have propounded discovery in the time allowed for under the Scheduling Order, and neither have presented evidence to support any of their purported affirmative defenses to the Second Claim for Relief.

**The Court has read and considered and adopts the uncontroverted facts as set forth herein.**

Dated:  July 08, 2008_____

_____
Hon. Manuel L. Real
United States District Judge

Submitted by:
OVERLAND BORENSTEIN SCHEPER & KIM LLP
DIANN H. KIM (State Bar No. 118742)
ANNAH S. KIM (State Bar No. 190609)
601 West Fifth Street, Twelfth Floor
Los Angeles, CA  90071-3144
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

By:_____
        Diann H. Kim
        Attorneys for Plaintiff/Cross Defendant
        Sizzler USA Franchise, inc.